**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

```
                                    FILED
                                  ┌──────────────┐
                                  │ Dec 02 2015  │
                                  └──────────────┘
                            CLERK, U.S. DISTRICT COURT
                         SOUTHERN DISTRICT OF CALIFORNIA
                         BY      s/ nataliep        DEPUTY
```

**DEVON ANTONNE MOORE**
**LACOLE REGINA MOORE**

       Plaintiff(s)

Vs.

**TRANS UNION L.L.C.,**
**EQUIFAX INFORMATION SERVICES L.L.C.,**
**EXPERIAN INFORMATION SOLUTIONS INC.,**

       Defendant(s)

Case No.  **'15CV2711 CAB JLB**

**JURY TRIAL DEMANDED**

## I.

## PRELIMINARY STATEMENT

1.     Defendants, Trans Union LLC, Equifax Information Services LLC, and Experian Information Solutions, Inc., national consumer reporting agencies ("CRA"), have been selling and providing credit reports, inaccurately reporting Plaintiff's Devon Antonne Moore and Lacole Regina Moore ("Plaintiffs") accounts, as unpaid, and undisputed. After being provided disputes on July 16, 2015, August 18, 2015, August 25, 2015, September 17, 2015, October 06, 2015, and October 16, 2015, Defendants refused to re-investigate the disputed accounts.

2.     Additionally, Defendants Trans Union LLC, Equifax Information Services LLC, and Experian Information Solutions, Inc., ("Defendants") have refused and failed to notify the data-furnishers of the disputed accounts that Plaintiffs were disputing the accuracy of the disputes within 30 days of July 16, 2015, August 18, 2015, August 25, 2015 September 17, 2015, October 06, 2015, October 16, 2015, and October 16, 2015. Further, they inaccurately reported consumer's account to creditors making it practically impossible for consumers to procure credit opportunities, as they did with Plaintiffs.

3.      Defendants knew that it's actions were illegal and intentional however, Defendants have continuously failed to implement procedures to maintain the maximum possible accuracy of Plaintiff's consumer reports. In addition, Defendants, were aware that its actions would severely limit Plaintiff's credit opportunities.

## II.

## JURISDICTION AND VENUE

4.      Jurisdiction of this court arises under 15 U.S.C. § 1681p and 28 U.S.C.1331.

5.      Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## III.

## PARTIES

6.      Plaintiffs Devon, Antonne Moore and Lacole, Regina Moore are adult individuals who's address is in California.

7.      Defendant Experian Information Solutions, Inc., ("Experian") is a business entity that regularly conducts business in California, and which has its headquarters and  a principal place of business located at  475 Anton Boulevard, Costa Mesa, CA 92626.

8.      Defendant  Equifax Information Services LLC ("Equifax") is a business entity that regularly conducts business in California, and which has its headquarters and a principal place of business located at 1550 Peachtree Street Northeast, Atlanta, GA 30309.

9.       Defendant  Trans Union LLC ("Trans Union") is a business entity that regularly conducts business in California, and which has its headquarters and a principal place of business located at 555 West Adams Floor 6, Chicago, Illinois 60661.

## IV.

## FACTUAL ALLEGATIONS

### *Defendant's practices regarding disputed accounts and trade-lines*

10.     Defendants are regulated as "consumer reporting agencies" ("CRA") under the FCRA

2

pursuant to 15 U.S.C. § 1681a(e).

11.     Defendants sell millions of consumer reports (often called "credit reports" or "reports") per day, and also sell credit scores pursuant to 15 U.S.C. § 1681a(e).

12.     Pursuant to 15 U.S.C. § 1681e(a) and 15 U.S.C. § 1681e(b) Defendants must follow procedures which assure that the reports they sell meet the standard of "maximum possible accuracy.

**V.**

**EXPERIAN INFORMATION SOLUTIONS INC.**

*Allegations relating to Defendant Experian Information Solutions Inc.*

13.     Plaintiffs complain of Experian Information Solutions Inc. And provides to the Court a contention of claims showing that they are entitled to relief under the Federal Credit Reporting Act. Plaintiff's statements, and allegations provides claims to relief that is plausible on its face. And asserts conspicuously that Defendant Experian Information Solutions Inc., violated statues of 15 U.S.C. § 1681 and for its actions, Plaintiffs have suffered damages that are specified and asserted herein. The stated claims and contentions have facial plausibility and these particular pleadings provides factual content that allows the Court to draw reasonable inferences that Defendant Experian Information Solutions Inc., is liable for the misconduct alleged.

**A. PLAINTIFF DEVON ANTONNE MOORE**

14.     Plaintiff Devon Antonne Moore asserts that he provided disputes to Defendant Experian on July 16, 2015, August 25, 2015, October 06, 2015, and October 16, 2015. At all times Plaintiff disputed a trade-line reported by the University of Phoenix/ Apollo Group.

15.     However, Defendant refused and failed to reinvestigate said trade-line under 15 U.S.C. § 1681i(a)(1) within thirty days of said dispute.

16.     Defendant Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure the maximum possible accuracy in the preparation of Plaintiff's

credit reports and credit files.Plaintiff also contends that Defendant at all times was aware that said account was erroneous and inaccurate, however it failed to prepared accurate credit reports regarding Plaintiff.

## B. PLAINTIFF  LACOLE REGINA MOORE

17.     Plaintiff asserts that on August 11, 2015, she agreed to consolidate her entire student loan debt through Great Lakes Education. Said consolidation was completed and disperse to the holder and guaranty of the loan Fed Loan Servicing on September 05, 2015.

18.     As early as August 18, 2015, Plaintiff contends that she disputed an account reported by Fed Loan Servicing account that had a balance of $1783.00. However, within 30 days of August 18, 2015, Defendant was aware that said account was paid and reported in full by Fed Loan Servicing.

19.     However, Defendant refused and failed to re-investigate said trade-line under 15 U.S.C. § 1681i(a)(1) within thirty days of said dispute (2). failed and refused to informed all creditors that Plaintiff was disputing the accuracy of said account and (3). continuously reported the incorrect balance of the disputed account. In addition, Defendant prepared and published erroneous copies of a credit report and credit files on or around September 16, 2015.

20.     As early as August 18, 2015, Plaintiff contends that she disputed an account reported by Fed Loan Servicing account that had a balance of $3059.00. However, within 30 days of August 18, 2015, Defendant was aware that said account was paid and reported in full by Fed Loan Servicing.

21.     However, Defendant refused and failed to re-investigate said trade-line under 15 U.S.C. § 1681i(a)(1) within thirty days of said dispute (2). failed and refused to informed all creditors that Plaintiff was disputing the accuracy of said account and (3). continuously reported the incorrect balance of the disputed account. In addition, Defendant prepared and published erroneous copies of a credit report and credit files on or around September 16, 2015.

4

22.     As early as August 18, 2015, Plaintiff contends that she disputed an account reported by Fed Loan Servicing account that had a balance of $245.00. However, within 30 days of August 18, 2015, Defendant was aware that said account was paid and reported in full by Fed Loan Servicing.

23.     However, Defendant refused and failed to re-investigate said trade-line under 15 U.S.C. § 1681i(a)(1) within thirty days of said dispute (2). failed and refused to informed all creditors that Plaintiff was disputing the accuracy of said account and (3). continuously reported the incorrect balance of the disputed account. In addition, Defendant prepared and published erroneous copies of a credit report and credit files on or around September 16, 2015.

24.     As early as August 18, 2015, Plaintiff contends that she disputed an account reported by Fed Loan Servicing account that had a balance of $939.00. However, within 30 days of August 18, 2015, Defendant was aware that said account was paid and reported in full by Fed Loan Servicing.

25.     However, Defendant refused and failed to re-investigate said trade-line under 15 U.S.C. § 1681i(a)(1) within thirty days of said dispute (2). failed and refused to informed all creditors that Plaintiff was disputing the accuracy of said account and (3). continuously reported the incorrect balance of the disputed account. In addition, Defendant prepared and published erroneous copies of a credit report and credit files on or around September 16, 2015.

26.     As early as August 18, 2015, Plaintiff contends that she disputed an account reported by Fed Loan Servicing account that had a balance of $2074.00. However, within 30 days of August 18, 2015, Defendant was aware that said account was paid and reported in full by Fed Loan Servicing.

27.     However, Defendant refused and failed to re-investigate said trade-line under 15 U.S.C. § 1681i(a)(1) within thirty days of said dispute (2). failed and refused to informed all creditors that Plaintiff was disputing the accuracy of said account and (3). continuously reported the

incorrect balance of the disputed account. In addition, Defendant prepared and published erroneous copies of a credit report and credit files on or around September 16, 2015.

28.     As early as August 18, 2015, Plaintiff contends that she disputed an account reported by Fed Loan Servicing account that had a balance of $1956.00. However, within 30 days of August 18, 2015, Defendant was aware that said account was paid and reported in full by Fed Loan Servicing.

29.     However, Defendant refused and failed to re-investigate said trade-line under 15 U.S.C. § 1681i(a)(1) within thirty days of said dispute (2). failed and refused to informed all creditors that Plaintiff was disputing the accuracy of said account and (3). continuously reported the incorrect balance of the disputed account. In addition, Defendant prepared and published erroneous copies of a credit report and credit files on or around September 16, 2015.

30.     As early as August 18, 2015, Plaintiff contends that she disputed an account reported by Fed Loan Servicing account that had a balance of $1735.00. However, within 30 days of August 18, 2015, Defendant was aware that said account was paid and reported in full by Fed Loan Servicing.

31.     However, Defendant refused and failed to re-investigate said trade-line under 15 U.S.C. § 1681i(a)(1) within thirty days of said dispute (2). failed and refused to informed all creditors that Plaintiff was disputing the accuracy of said account and (3). continuously reported the incorrect balance of the disputed account. In addition, Defendant prepared and published erroneous copies of a credit report and credit files on or around September 16, 2015.

32.     On September 17, 2015, Plaintiff contends that she disputed an account reported by Fed Loan Servicing account that had a balance of $1783.00. Defendant was aware that said account was paid and reported in full by Fed Loan Servicing.

33.     However, Defendant refused and failed to re-investigate said trade-line under 15 U.S.C. § 1681i(a)(1) within thirty days of said dispute (2). failed and refused to informed all creditors

6

that Plaintiff was disputing the accuracy of said account and (3). continuously reported the incorrect balance of the disputed account. In addition, Defendant prepared and published erroneous copies of a credit report and credit files on or around October 20, 2015.

34.     On September 17, 2015, Plaintiff contends that she disputed an account reported by Fed Loan Servicing account that had a balance of $3059.00. Defendant was aware that said account was paid and reported in full by Fed Loan Servicing.

35.     However, Defendant refused and failed to re-investigate said trade-line under 15 U.S.C. § 1681i(a)(1) within thirty days of said dispute (2). failed and refused to informed all creditors that Plaintiff was disputing the accuracy of said account and (3). continuously reported the incorrect balance of the disputed account. In addition, Defendant prepared and published erroneous copies of a credit report and credit files on or around October 20, 2015.

36.     On September 17, 2015, Plaintiff contends that she disputed an account reported by Fed Loan Servicing account that had a balance of $245.00. Defendant was aware that said account was paid and reported in full by Fed Loan Servicing.

37.     However, Defendant refused and failed to re-investigate said trade-line under 15 U.S.C. § 1681i(a)(1) within thirty days of said dispute (2). failed and refused to informed all creditors that Plaintiff was disputing the accuracy of said account and (3). continuously reported the incorrect balance of the disputed account. In addition, Defendant prepared and published erroneous copies of a credit report and credit files on or around October 20, 2015.

38.     On September 17, 2015, Plaintiff contends that she disputed an account reported by Fed Loan Servicing account that had a balance of $939.00. Defendant was aware that said account was paid and reported in full by Fed Loan Servicing.

39.     However, Defendant refused and failed to re-investigate said trade-line under 15 U.S.C. § 1681i(a)(1) within thirty days of said dispute and continously prepared and published erroneous copies of a credit report and credit files on or around October 20, 2015.

40.     On September 17, 2015, Plaintiff contends that she disputed an account reported by Fed Loan Servicing account that had a balance of $2074.00. Defendant was aware that said account was paid and reported in full by Fed Loan Servicing.

41.     However, Defendant refused and failed to re-investigate said trade-line under 15 U.S.C. § 1681i(a)(1) within thirty days of said dispute and continously prepared and published erroneous copies of a credit report and credit files on or around October 20, 2015.

42.     On September 17, 2015, Plaintiff contends that she disputed an account reported by Fed Loan Servicing account that had a balance of $1956.00. Defendant was aware that said account was paid and reported in full by Fed Loan Servicing.

43.     However, Defendant refused and failed to re-investigate said trade-line under 15 U.S.C. § 1681i(a)(1) within thirty days of said dispute (2). failed and refused to informed all creditors that Plaintiff was disputing the accuracy of said account and (3). continuously reported the incorrect balance of the disputed account. In addition, Defendant prepared and published erroneous copies of a credit report and credit files on or around October 20, 2015.

44.     On September 17, 2015, Plaintiff contends that she disputed an account reported by Fed Loan Servicing account that had a balance of $1735.00. Defendant was aware that said account was paid and reported in full by Fed Loan Servicing.

45.     However, Defendant refused and failed to re-investigate said trade-line under 15 U.S.C. § 1681i(a)(1) within thirty days of said dispute (2). failed and refused to informed all creditors that Plaintiff was disputing the accuracy of said account and (3). continuously reported the incorrect balance of the disputed account. In addition, Defendant prepared and published erroneous copies of a credit report and credit files on or around October 20, 2015.

## VI.

### TRANS UNION LLC

*Allegations relating to Defendant Trans Union LLC*

46.     Plaintiffs complain of Trans Union LLC. And provides to the Court a contention of claims showing that they are entitled to relief under the Federal Credit Reporting Act. Plaintiff's statements, and allegations provides claims to relief that is plausible on its face. And asserts conspicuously that Defendant Trans Union LLC., violated statues of 15 U.S.C. § 1681 and for its actions, Plaintiffs has suffered damages that are specified and asserted herein. The stated claims and contentions have facial plausibility and these particular pleadings provides factual content that allows the Court to draw reasonable inferences that Defendant Trans Union LLC., is liable for the misconduct alleged.

## A. PLAINTIFF DEVON ANTONNE MOORE

Plaintiff asserts that he provided disputes to Defendant Trans Union LLC on July 16, 2015, August 25, 2015, October 01, 2015, and October 16, 2015. At all times Plaintiff disputed a trade-line reported by the University of Phoenix/ Apollo Group. Plaintiff contends that said trade-line was erroneous and inaccurate. And he received no benefit or had ever done business with University of Phoenix/ Apollo Group.

47.     However, Defendant refused and failed to reinvestigate said trade-line under 15 U.S.C. § 1681i(a)(1) within thirty days of said dispute.

48.     Defendant Trans Union LLC violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure the maximum possible accuracy in the preparation of consumer credit reports and credit files.

49.     Plaintiff also contends that Defendant at all times was aware that said account was erroneous and inaccurate, however it failed to prepared accurate credit reports regarding Plaintiff.

## B. PLAINTIFF LACOLE REGINA MOORE

50.     Plaintiff asserts that on August 18, 2015, she agreed to consolidate her entire student loan debt through Great Lakes Education. Said consolidation was completed and disperse to the

holder and guaranty of the loan Fed Loan Servicing on September 05, 2015.

51.     As early as August 18, 2015, Plaintiff contends that she disputed an account reported by Fed Loan Servicing account that had a balance of $1783.00.

52.     However, Defendant refused and failed to re-investigate said trade-line under 15 U.S.C. § 1681i(a)(1) within thirty days of said dispute (2). failed and refused to informed all creditors that Plaintiff was disputing the accuracy of said account and (3). continuously reported the incorrect balance of the disputed account. In addition, Defendant prepared and published erroneous copies of a credit report and credit files on or around September 16, 2015.

53.     As early as August 18, 2015, Plaintiff contends that she disputed an account reported by Fed Loan Servicing account that had a balance of $3059.00. Defendant, within 30 days of August 18, 2015, was aware that said account was paid and reported in full by Fed Loan Servicing.

54.     However, Defendant refused and failed to re-investigate said trade-line under 15 U.S.C. § 1681i(a)(1) within thirty days of said dispute (2). failed and refused to informed all creditors that Plaintiff was disputing the accuracy of said account and (3). continuously reported the incorrect balance of the disputed account. In addition, Defendant prepared and published erroneous copies of a credit report and credit files on or around September 16, 2015.

55.     On September 17, 2015, Plaintiff contends that she disputed an account reported by Fed Loan Servicing account that had a balance of $1783.00. Defendant was aware that said account was paid and reported in full by Fed Loan Servicing.

56.     However, Defendant refused and failed to re-investigate said trade-line under 15 U.S.C. § 1681i(a)(1) within thirty days of said dispute (2). failed and refused to informed all creditors that Plaintiff was disputing the accuracy of said account and (3). continuously reported the incorrect balance of the disputed account. In addition, Defendant prepared and published erroneous copies of a credit report and credit files on or around October 20, 2015

10

57.     On September 17, 2015, Plaintiff contends that she disputed an account reported by Fed

Loan Servicing account that had a balance of $3059.00. Defendant was aware that said account

was paid and reported in full by Fed Loan Servicing.

58.     However, Defendant refused and failed to re-investigate said trade-line under 15 U.S.C.

§ 1681i(a)(1) within thirty days of said dispute (2). failed and refused to informed all creditors

that Plaintiff was disputing the accuracy of said account and (3). continuously reported the

incorrect balance of the disputed account. In addition, Defendant prepared and published

erroneous copies of a credit report and credit files on on or around October 20, 2015.

## VII.

## EQUIFAX INFORMATION SERVICES LLC.

### *Allegations relating to Defendant Equifax Information Services LLC.*

59.     Plaintiffs complain of Equifax Information Services LLC. And provides to the Court a

contention of claims showing that they are entitled to relief under the Federal Credit Reporting

Act. Plaintiff's statements, and allegations provides claims to relief that is plausible on its face.

And asserts conspicuously that Defendant Equifax Information Services LLC., violated statues

of 15 U.S.C. § 1681 and for its actions, Plaintiffs have suffered damages that are specified and

asserted herein. The stated claims and contentions have facial plausibility and these particular

pleadings provides factual content that allows the Court to draw reasonable inferences that

Defendant Equifax Information Services LLC., is liable for the misconduct alleged.

60.     Plaintiff asserts that he provided disputes to Defendant Equifax Information Services

LLC., on July 16, 2015, August 25, 2015, October 01, 2015, and October 16, 2015. At all times

Plaintiff disputed a trade-line reported by the University of Phoenix/ Apollo Group. However,

Defendant refused and failed to reinvestigate said trade-line under 15 U.S.C. § 1681i(a)(1)

within thirty days of said dispute.

61.     Defendant Equifax Information Services LLC., violated 15 U.S.C. § 1681e(b) by failing

to establish or follow reasonable procedures to assure the maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files.

62.     Plaintiff also contends that Defendant at all times was aware that said account was erroneous and inaccurate, however it failed to prepared accurate credit reports regarding Plaintiff.

**B. PLAINTIFF LACOLE REGINA MOORE**

63.     Plaintiff asserts that on August 18, 2015, she agreed to consolidate her entire student loan debt through Great Lakes Education. Said consolidation was completed and disperse to the holder and guaranty of the loan Fed Loan Servicing on September 05, 2015.

64.     As early as August 18, 2015, Plaintiff contends that she disputed an account reported by Fed Loan Servicing account that had a balance of $1783.00.

65.     However, Defendant refused and failed to re-investigate said trade-line under 15 U.S.C. § 1681i(a)(1) within thirty days of said dispute (2). failed and refused to informed all creditors that Plaintiff was disputing the accuracy of said account and (3). continuously reported the incorrect balance of the disputed account. In addition, Defendant prepared and published erroneous copies of a credit report and credit files on or around September 16, 2015.

66.     As early as August 18, 2015, Plaintiff contends that she disputed an account reported by Fed Loan Servicing account that had a balance of $3059.00. Defendant, within 30 days of August 18, 2015, was aware that said account was paid and reported in full by Fed Loan Servicing.

67.     However, Defendant refused and failed to re-investigate said trade-line under 15 U.S.C. § 1681i(a)(1) within thirty days of said dispute (2). failed and refused to informed all creditors that Plaintiff was disputing the accuracy of said account and (3). continuously reported the incorrect balance of the disputed account. In addition, Defendant prepared and published erroneous copies of a credit report and credit files on or around September 16, 2015.

12

68.     As early as August 18, 2015, Plaintiff contends that she disputed an account reported by Fed Loan Servicing account that had a balance of $245.00. Defendant, within 30 days of August 18, 2015, was aware that said account was paid and reported in full by Fed Loan Servicing.

69.     However, Defendant refused and failed to re-investigate said trade-line under 15 U.S.C. § 1681i(a)(1) within thirty days of said dispute (2). failed and refused to informed all creditors that Plaintiff was disputing the accuracy of said account and (3). continuously reported the incorrect balance of the disputed account. In addition, Defendant prepared and published erroneous copies of a credit report and credit files on or around September 16, 2015.

70.     As early as August 18, 2015, Plaintiff contends that she disputed an account reported by Fed Loan Servicing account that had a balance of $939.00. Defendant, within 30 days of August 18, 2015, was aware that said account was paid and reported in full by Fed Loan Servicing.

71.     However, Defendant refused and failed to re-investigate said trade-line under 15 U.S.C. § 1681i(a)(1) within thirty days of said dispute (2). failed and refused to informed all creditors that Plaintiff was disputing the accuracy of said account and (3). continuously reported the incorrect balance of the disputed account. In addition, Defendant prepared and published erroneous copies of a credit report and credit files on or around September 16, 2015.

72.     As early as August 18, 2015, Plaintiff contends that she disputed an account reported by Fed Loan Servicing account that had a balance of $2074.00. Defendant, within 30 days of August 18, 2015, was aware that said account was paid and reported in full by Fed Loan Servicing.

73.     However, Defendant refused and failed to re-investigate said trade-line under 15 U.S.C. § 1681i(a)(1) within thirty days of said dispute (2). failed and refused to informed all creditors that Plaintiff was disputing the accuracy of said account and (3). continuously reported the incorrect balance of the disputed account. In addition, Defendant prepared and published erroneous copies of a credit report and credit files on or around September 16, 2015.

74.     As early as August 18, 2015, Plaintiff contends that she disputed an account reported by Fed Loan Servicing account that had a balance of $1956.00. Defendant, within 30 days of August 18, 2015, was aware that said account was paid and reported in full by Fed Loan Servicing.

75.     However, Defendant refused and failed to re-investigate said trade-line under 15 U.S.C. § 1681i(a)(1) within thirty days of said dispute (2). failed and refused to informed all creditors that Plaintiff was disputing the accuracy of said account and (3). continuously reported the incorrect balance of the disputed account. In addition, Defendant prepared and published erroneous copies of a credit report and credit files on or around September 16, 2015.

76.     As early as August 18, 2015, Plaintiff contends that she disputed an account reported by Fed Loan Servicing account that had a balance of $1735.00. Defendant, within 30 days of August 18, 2015, was aware that said account was paid and reported in full by Fed Loan Servicing.

77.     However, Defendant refused and failed to re-investigate said trade-line under 15 U.S.C. § 1681i(a)(1) within thirty days of said dispute (2). failed and refused to informed all creditors that Plaintiff was disputing the accuracy of said account and (3). continuously reported the incorrect balance of the disputed account. In addition, Defendant prepared and published erroneous copies of a credit report and credit files on or around September 16, 2015.

78.     On September 17, 2015 and October 16, 2015 Plaintiff contends that she disputed an account reported by Fed Loan Servicing account that had a balance of $1783.00. Defendant was aware that said account was paid and reported in full by Fed Loan Servicing.

79.     However, Defendant refused and failed to re-investigate said trade-line under 15 U.S.C. § 1681i(a)(1) within thirty days of said dispute (2). failed and refused to informed all creditors that Plaintiff was disputing the accuracy of said account and (3). continuously reported the incorrect balance of the disputed account. In addition, Defendant prepared and published

erroneous copies of a credit report and credit files on or around October 20, 2015 and November 16, 2015.

80.     On September 17, 2015 and October 16, 2015, Plaintiff contends that she disputed an account reported by Fed Loan Servicing account that had a balance of $3059.00. Defendant was aware that said account was paid and reported in full by Fed Loan Servicing.

81.     However, Defendant refused and failed to re-investigate said trade-line under 15 U.S.C. § 1681i(a)(1) within thirty days of said dispute (2). failed and refused to informed all creditors that Plaintiff was disputing the accuracy of said account and (3). continuously reported the incorrect balance of the disputed account. In addition, Defendant prepared and published erroneous copies of a credit report and credit files on on or around October 20, 2015 and November 16, 2015.

82.     On September 17, 2015 and October 16, 2015, Plaintiff contends that she disputed an account reported by Fed Loan Servicing account that had a balance of $245.00. Defendant was aware that said account was paid and reported in full by Fed Loan Servicing.

83.     However, Defendant refused and failed to re-investigate said trade-line under 15 U.S.C. § 1681i(a)(1) within thirty days of said dispute (2). failed and refused to informed all creditors that Plaintiff was disputing the accuracy of said account and (3). continuously reported the incorrect balance of the disputed account. In addition, Defendant prepared and published erroneous copies of a credit report and credit files on on or around October 20, 2015 and November 16, 2015.

84.     On September 17, 2015 and October 16, 2015, Plaintiff contends that she disputed an account reported by Fed Loan Servicing account that had a balance of $939.00. Defendant was aware that said account was paid and reported in full by Fed Loan Servicing.

85.     However, Defendant refused and failed to re-investigate said trade-line under 15 U.S.C. § 1681i(a)(1) within thirty days of said dispute (2). failed and refused to informed all creditors

that Plaintiff was disputing the accuracy of said account and (3). continuously reported the incorrect balance of the disputed account. In addition, Defendant prepared and published erroneous copies of a credit report and credit files on on or around October 20, 2015 and November 16, 2015.

86.     On September 17, 2015 and October 16, 2015, Plaintiff contends that she disputed an account reported by Fed Loan Servicing account that had a balance of $2074.00. Defendant was aware that said account was paid and reported in full by Fed Loan Servicing.

87.     However, Defendant refused and failed to re-investigate said trade-line under 15 U.S.C. § 1681i(a)(1) within thirty days of said dispute (2). failed and refused to informed all creditors that Plaintiff was disputing the accuracy of said account and (3). continuously reported the incorrect balance of the disputed account. In addition, Defendant prepared and published erroneous copies of a credit report and credit files on on or around October 20, 2015 and November 16, 2015.

88.     On September 17, 2015 and October 16, 2015, Plaintiff contends that she disputed an account reported by Fed Loan Servicing account that had a balance of $1956.00. Defendant was aware that said account was paid and reported in full by Fed Loan Servicing.

89.     However, Defendant refused and failed to re-investigate said trade-line under 15 U.S.C. § 1681i(a)(1) within thirty days of said dispute (2). failed and refused to informed all creditors that Plaintiff was disputing the accuracy of said account and (3). continuously reported the incorrect balance of the disputed account. In addition, Defendant prepared and published erroneous copies of a credit report and credit files on on or around October 20, 2015 and November 16, 2015.

90.     On September 17, 2015 and October 16, 2015, Plaintiff contends that she disputed an account reported by Fed Loan Servicing account that had a balance of $1735.00. Defendant was aware that said account was paid and reported in full by Fed Loan Servicing.

91.     However, Defendant refused and failed to re-investigate said trade-line under 15 U.S.C.

§ 1681i(a)(1) within thirty days of said dispute (2). failed and refused to informed all creditors

that Plaintiff was disputing the accuracy of said account and (3). continuously reported the

incorrect balance of the disputed account. In addition, Defendant prepared and published

erroneous copies of a credit report and credit files on on or around October 20, 2015 and

November 16, 2015.

## VIII.

## VIOLATIONS

92.     Defendants were aware that it's actions would have a adverse effect on Plaintiff's ability

to obtain credit opportunities. And for such a material violation Plaintiff's creditors denied their

credit applications due to the fact that the (1). alleged debts owed provided no updated

information, (2). the balance was erroneous, (3). Defendant's continuously reported erroneous

accounts, and (4). Defendant failed to notified the potential creditors that the account was

disputed. Plaintiffs contends that if their consumer reports were absence of material violations

of 15 U.S.C. §1681i(a), and 15 U.S.C. §1681i(a)(1) or at best if Defendants had notified any of

the potential creditors that the alleged debts were disputed. It would not have prohibited, hinder,

impeded, made difficult, and precluded, Plaintiffs from purchasing a car, obtaining a student

loan, and a mortgage loan.

93.     Pursuant to 15 U.S.C. §1681i(a), Plaintiff's contends that Defendants Experian,

Equifax, and Trans Union have failed to implement and/or follow "reasonable procedures to

assure the maximum possible accuracy" of the information they publish and continue to

publish, in Plaintiff's September 2015, October 2015, and November 2015 credit reports.

Based upon Defendant's actions Plaintiffs have suffered special damages, compensatory

damages, actual damages. Plaintiffs should be awarded punitive and such damages under 15

U.S.C. § 1681n and 15 U.S.C. § 1681o.

94.    Defendant's intentional, reckless, and willful violations of 15 U.S.C. § 1681i(a) has resulted in the negligent and intentional infliction of mental and emotional distress upon Plaintiffs, proximately causing Plaintiffs to suffer severe emotional distress, mental and physical pain, embarrassment, and humiliation which Plaintiffs will in the future continue to suffer.

95.    Pursuant to 15 U.S.C. §1681i(a)(1), Plaintiff's contends that Defendants Experian, Equifax, and Trans Union have failed to implement and/or follow "reasonable procedures designed to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which Defendants had received the notice of the dispute from Plaintiffs as provided by 15 U.S.C. § 1681i(a)(1). Based upon Defendant's action Plaintiffs has suffered special damages, compensatory damages, actual damages and should be awarded punitive and such damages under 15 U.S.C. § 1681n and 15 U.S.C. § 1681o.

96.    Defendant's intentional, reckless, and willful violations of 15 U.S.C. § 1681i(a)(1), has resulted in the negligent and intentional infliction of mental and emotional distress upon Plaintiffs, proximately causing Plaintiffs to suffer severe emotional distress, mental and physical pain, embarrassment, and humiliation which Plaintiffs will in the future continue to suffer.

97.    **WHEREFORE**, Plaintiffs demands judgment for actual, statutory and punitive damage for all violations, based upon each and every dispute against Defendants and for any attorney fees and costs that may occurred. Plaintiffs also demands prejudgment and post judgment interest at the judgment rate and such relief the Court deems just and proper.

Dated: November 23, 2015

Respectfully Submitted,

18

Devon, Antonne Moore
PO Box 12709 #10864
San Diego, CA 92112
tonyadm2015@gmail.com

Lacole, Regina Moore
PO Box 12709 #10864
San Diego, CA 92112
sinchy2004@gmail.com