UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Devon Antonne Moore and Lacole Regina Moore,<br><br>                                        Plaintiff,<br><br>vs.<br><br>Trans Union LLC, Equifax Information Services, LLC, Experian Information Solutions Inc.,<br><br>                                        Defendant. | Case No.:  15cv2711-CAB-JLB<br><br>**ORDER DENYING MOTIONS TO PROCEED IN FORMA PAUPERIS [Doc. Nos. 2 and 3]** |
| --- | --- |

On December 2, 2015, Plaintiffs Devon Moore and Lacole Moore filed a complaint pursuant to the Fair Credit Reporting Act.  [Doc. No. 1.]  Plaintiffs also filed motions to proceed in forma pauperis ("IFP").  [Doc. Nos. 2 and 3.]  For the following reasons, plaintiffs' motions are **DENIED**.

Generally, all parties instituting a civil action in this court must pay a filing fee.  See 28 U.S.C. § 1914(a); CivLR 4.5(a).  But the court may authorize a party to proceed without paying the fee if that party submits an affidavit demonstrating an inability to pay.  28 U.S.C. § 1915(a).  "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life."  *Escobedo v. Applebees*, 787 F.3d 1226,

1

1   1234 (9th Cir. 2015).  "[A] plaintiff seeking IFP status must allege poverty with

2   some particularity, definiteness and certainty."  Id. (internal quotation marks

3   omitted).

4        In their motions, Plaintiffs claim to have no income, bank accounts,

5   automobiles, or real estate.  [Doc. Nos. 2 and 3, Questions 1-7.]  However,

6   Plaintiffs fail to respond to the question that asks them to list any other assets or

7   items of value.  [Doc. Nos. 2 and 3, Question 10.]  Plaintiffs also fail to respond to

8   the question that asks Plaintiffs to explain the sources of funds for their day-to-day

9   expenses where, as here, Plaintiffs claim to have no income and no assets.  [Doc.

10  Nos. 2 and 3, Question 11.]

11       Based on the lack of "particularity, definiteness and certainty" in the

12  information provided, the court is not persuaded that Plaintiffs lack the funds to

13  pay the filing fee and "still afford the necessities of life."  *Escobedo*, 787 F.3d at

14  1234.  Therefore, Plaintiffs' motions to proceed IFP [Doc. Nos. 2 and 3] are

15  **DENIED** without prejudice.

16       Plaintiffs shall have until **<u>January 8, 2016</u>** to either pay the filing fee, or file

17  new motions to proceed IFP that provide with "particularity, definiteness, and

18  certainty" the required information.  In particular, Plaintiffs shall respond truthfully

19  to Questions 10 and 11.  If the filing fee is not paid or renewed motions to proceed

20

15cv2711-CAB-JLB

1  in forma pauperis are not filed by January 8, 2016, the Clerk of the Court shall

2  dismiss the case without prejudice and terminate the action.

3      **IT IS SO ORDERED.**

4  Dated:  December 9, 2015

5                                             Hon. Cathy Ann Bencivengo
                                               United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20